UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO DRAKES, | No. C 08-2686 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JERRY BROWN, Attorney General of the State of California; CHUCK DeROSA, warden of La Palma Correctional Center, | |
| Respondents. | |

## INTRODUCTION

Dario Drakes is a prisoner serving a sentence on a California state court conviction but apparently pursuant to an out-of-state prisoner program is housed at the La Palma Correctional Center in Eloy, Arizona. He filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His request for appointment of counsel also is before the court.

## BACKGROUND

Drakes' petition consists of a cover page, a copy of his petition for review from state court, plus some exhibits that show that the state court case has concluded.

Drakes was convicted in Alameda County Superior Court in 2005 of stalking, first degree residential burglary, assault with a firearm (2 counts), making criminal threats, assault, battery,

and battery against a person who is the parent of defendant's child. He also was found to have used a firearm in the commission of two of the offenses. He was sentenced to 16 years and 4 months in prison.

Drakes appealed. The California Court of appeal affirmed the conviction on October 15, 2007. The California Supreme Court denied his petition for review on January 30, 2008. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts several claims: (1) the imposition of the aggravated prison terms violated his Sixth and Fourteenth Amendment rights, see Apprendi v. New Jersey, 530 U.S. 466 (2000) (Arguments I, IV); (2) the uncharged aggravating factors did not comply with the constitutional guarantees of notice and due process (Argument II); (3) the findings in aggravation created aggravated crimes that were void for vagueness under the Due Process Clause (Argument II); (4) a Batson claim (Argument V); (5) the exclusion of bad act evidence about the victim violated Drakes' Confrontation Clause right (Argument VI); (6) prosecutorial misconduct (Argument VIII); (7) ineffective assistance of counsel (Argument IX); and (8) cumulative error (Argument X). Liberally construed, these claims are cognizable in a federal habeas action.

One of the arguments in the petition does not state a claim for federal habeas relief. Specifically, Argument VII requested the California Supreme Court "to conduct an in camera review to determine whether the Court of Appeal properly ruled." Petition, p. 27. The phrasing of the argument – due to the federal habeas petition being just a photocopy of the petition for review – does not assert a violation of any of Drakes' rights under the constitution, laws or treaties of the United States and therefore cannot support federal habeas relief. This "claim" is dismissed.

Drakes named an improper respondent, i.e., the People of the State of California. The court has <u>sua sponte</u> substituted in as respondent the Attorney General of the State of California and the warden of the prison in Arizona at which Drakes is housed. Without knowing the terms of the agreement under which Drakes was sent to Arizona, the court is uncertain who is the proper respondent, but at least one of the two of them should be "the state officer who has custody" of Drakes. <u>See</u> Rule 2 of Rules Governing Section 2254 Cases In the United States District Courts; Fed. R. Civ. P. 19(a).

Drakes has requested that counsel be appointed to represent him. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. <u>See id.</u> Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action. The motion for appointment of counsel is DENIED.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon both respondents and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **November 26, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 9, 2009**.

5. Petitioner's in forma pauperis application is DENIED because he paid the filing fee. (Docket # 2.)

6. Petitioner's motion for appointment of counsel is DENIED. (Docket # 5.).

7. The clerk shall update the docket to reflect the two respondents that have been substituted in as respondents by the court.

IT IS SO ORDERED.

DATED: September 29, 2008

SUSAN ILLSTON
United States District Judge